UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CR-596 CEJ |
| ) | |
| ELMORE GEORGE, III, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On December 15, 2009, Judge Adelman issued an Order and Recommendation with respect to the motions filed by defendant Elmore George, III, to suppress evidence and to suppress statements. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motions be denied. The United States filed a response to the defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. The Court has also reviewed the transcripts of the two evidentiary hearings. Having done so, the Court concludes that the factual findings made by Judge Adelman are supported by the evidence, and that his legal conclusions are correct.

I. **Discussion**

Defendant George has moved to suppress evidence seized on September 22, 2008, during a search of a vehicle in which he was a passenger. The evidence establishes that the vehicle was lawfully stopped for a traffic violation observed by a St. Charles County deputy sheriff. See United States v. Maza, 93 F.3d 1390, 1396 (8th Cir. 1996). The evidence further establishes that in the course of speaking to the driver, the deputy smelled the odor of burnt marijuana emanating from the interior of the vehicle. A second officer who arrived to assist also detected the same odor.

When the driver, co-defendant Gerald A. Hinton, Jr., was asked simple questions about his recent travel, he was unable to say where he'd been and he began to sweat profusely and tremble. Hinton told the officers that "they" had smoked marijuana in the car the day before; but he denied that there was any marijuana still in the vehicle. George's behavior during the traffic stop was perceived by the officers as unusually hostile and aggressive, in that he began swearing at them and claiming that he didn't have to tell them where he'd been and they couldn't search his "stuff or the car."[1]

The marijuana odor detected by the officers, along with Hinton's statement that marijuana had been smoked in the car the day before, established probable cause to search of the vehicle for additional drugs. See United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000). Further, the officers were not required to limit the

---

[1] Deputy Thorpe testified that in his 12 years of experience he had never seen a person react to a traffic stop in the manner that George did.

search to the passenger area of the vehicle; rather, it was permissible for them to "examine the contents of all containers, packages and compartments located in the vehicle, provided that there is probable cause to believe that the object of the search will be found there." United States v. Caves, 890 F.2d 87, 90 (8th Cir. 1989)(*citing* United States v. Ross, 456 U.S. 798, 825 (1982)). Thus, the Court concludes that the search of the vehicle and the sealed box did not violate the Fourth Amendment.

While conducting the search, the officers were permitted to detain the defendants. Upon detecting the marijuana odor and upon observing Hinton's visible nervousness, his inability to answer simple questions, and George's aggressive and hostile demeanor, the officer had a "particularized and objective basis" for suspecting the defendants' involvement in criminal activity. United States v. Gipp, 147 F.3d 680, 685 (8th Cir. 1998).

George did not make any statements after he was handcuffed. All of his statements before that point were non-custodial and voluntary, and there was no requirement that the Miranda warnings be given. *See* Miranda v. Arizona, 384 U.S. 436, 478-479 (1966).

George objects to the magistrate judge's credibility determinations. It is clear that the magistrate judge considered all of the evidence that was presented, including that offered by the defendant to detract from the credibility of the government's witnesses. It is undisputed that there were inaccuracies in the deputy's written report of the traffic stop. However, the Court finds that these inaccuracies do not render the deputy's testimony so lacking in credibility that it should be disregarded in full. Moreover, neither the errors found in the report nor

the testimony of the witnesses called by the defendant undercut the important facts that established probable cause for the search.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge Terry I. Adelman [#95] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Elmore George, III, to suppress physical evidence [#43] and to suppress statements [#44] are **denied**.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 2nd day of February, 2010.